**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION

Master Docket No. 1:14-md-02542 (VSB) (SLC)

20230930-DK-BUTTERFLY-1, INC., f/k/a BED BATH & BEYOND INC.,

Plaintiff,

v.

KEURIG GREEN MOUNTAIN, INC.,

Defendant.

**Oral Argument Requested**

No. 1:26-cv-04074 (VSB)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS 20230930-DK-BUTTERFLY-1, INC.'S COMPLAINT AGAINST KEURIG GREEN MOUNTAIN, INC.**

# TABLE OF CONTENTS

FACTUAL BACKGROUND .......... 1

LEGAL STANDARD .......... 3

ARGUMENT .......... 4

A. BBB Made Court Filings Inconsistent with the Claims Asserted Here .......... 6

B. The Bankruptcy Court Relied on BBB's Representations to Confirm the Reorganization Plan .......... 8

C. BBB's Pursuit of These Claims Would Result in an Unfair Advantage .......... 8

CONCLUSION .......... 9

# TABLE OF AUTHORITIES

## Cases

*Adelphia Recovery Tr. v. Goldman, Sachs & Co.*,
748 F.3d 110 (2d Cir. 2014) .......... 5, 8

*Allen v. Zurich Ins. Co.*,
667 F.2d 1162 (4th Cir. 1982) .......... 4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 3

*Azuike v. BNY Mellon*,
962 F. Supp. 2d 591 (S.D.N.Y. 2013) .......... 4, 5, 9

*Bates v. Long Island R.R. Co.*,
997 F.2d 1028 (2d Cir. 1993) .......... 4

*BPP Illinois, LLC v. Royal Bank of Scotland*,
2015 WL 6143702 (S.D.N.Y. Oct. 29, 2015) .......... 8

*BPP Illinois v. Royal Bank of Scotland*,
859 F.3d 188 (2d Cir. 2017) .......... *passim*

*Edwards v. CGI Grp. Inc.*,
2018 WL 4043142 (S.D.N.Y. Aug. 10, 2018) .......... 6–7

*Garrett v. Comcast Commc'n, Inc.*,
2004 WL 2624679 (N.D. Tex. Nov. 17, 2004) .......... 2

*In re Adelphia Recovery Tr.*,
634 F.3d 678 (2d Cir. 2011) .......... 5, 8

*Isnady v. Village of Walden*,
2019 WL 3252753 (S.D.N.Y. July 19, 2019) .......... 4

*Keathley v. Buddy Ayers Constr., Inc.*,
No. 25-6, slip op. (U.S. June 11, 2026) .......... 6

*Kramer v. Time Warner Inc.*,
937 F.2d 767 (2d Cir. 1991) .......... 3

*Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*,
337 F.3d 314 (3d Cir. 2003) .......... 6, 7

*New Hampshire v. Maine*,
532 U.S. 742 (2001) .......... 4

*Oneida Motor Freight, Inc. v. United Jersey Bank*,
848 F.2d 414 (3d Cir. 1988) .......... 3–4

*Press v. Primavera*,
685 F. Supp. 3d 216 (S.D.N.Y. 2023) .......... 2

*Rosenshein v. Kleban*,
918 F. Supp. 98 (S.D.N.Y. 1996) .......... 4–5, 6, 9

*Sequeira v. DHS*,
722 F. Supp. 3d 996 (N.D. Cal. 2024) .......... 2

*Simon v. Safelite Glass Corp.*,
128 F.3d 68 (2d Cir. 1997) .......... 4

*Staehr v. Hartford Fin. Servs. Grp.*,
547 F.3d 406 (2d *Cir*. 2008) .......... 7

*United States v. W. Prods., Ltd.*,
168 F. Supp. 2d 84 (S.D.N.Y. 2001) .......... 4

*Yetter v. Wise Power Sys., Inc.*,
929 F. Supp. 2d 329 (D. Del. 2013) .......... 7–8

**Statutes**

11 U.S.C. § 521(a)(1)(B) .......... 6

Plaintiff 20230930-DK-Butterfly-1, Inc. is the entity that emerged from the 2023 bankruptcy of Bed Bath & Beyond (BBB). Under black letter law, BBB was required to disclose to its creditors and the bankruptcy court all of its assets, including all of its actual and potential legal claims. Through sophisticated bankruptcy counsel, BBB listed many legal claims in its bankruptcy filings, including non-antitrust claims related to Keurig and antitrust claims against other companies. But **BBB did not disclose to the bankruptcy court any of the claims that 20230930-DK-Butterfly-1 seeks to assert here**. That omission is not a mere technicality: allowing debtors to omit claims from their bankruptcy filings would undermine the integrity of the bankruptcy process and a bankruptcy court's ability to confirm a fair plan of reorganization. Under controlling law, 20230930-DK-Butterfly-1 is judicially estopped from asserting these undisclosed claims, and the Complaint should be dismissed with prejudice.

## FACTUAL BACKGROUND

In 2014, several individuals who purchased K-Cup pods on Keurig.com filed a complaint on behalf of a purported class of direct purchasers. *See, e.g.*, ECF No. 65. That complaint asserted the same claims that 20230930-DK-Butterfly-1 seeks to assert here.[1] In fact, the Complaint is a copy-paste of the direct purchaser complaint filed 12 years ago, with only minor BBB-focused changes.

BBB was well aware of these claims at the time of its 2023 bankruptcy proceedings. The 2014 consolidated amended direct purchaser complaint in this case publicly listed BBB as a member of the putative class. ECF No. 237 ¶ 95 (operative direct purchaser complaint). In 2015, Keurig served BBB with a document preservation notice in this MDL proceeding. *See*

[1] 20230930-DK-Butterfly-1 seeks to assert claims for monopolization, exclusive dealing, monopoly leveraging, attempted monopolization, and unjust enrichment.

ECF Nos. 220, 222. A plaintiff in the MDL, JBR, served BBB with a subpoena in 2016. *See* Ex. 1.[2] Keurig then served a similar subpoena on BBB in January 2019. *See* Ex. 2. Keurig publicly identified BBB again as a member of the putative class in its opposition to class certification, which was filed on the docket in July 2021. *See* ECF No. 1419 at 3.

In short, by the time that BBB filed its voluntary Chapter 11 petition in the United States Bankruptcy Court for the District of New Jersey on April 23, 2023, it had been identified by name in multiple public court filings in this MDL and had been served with a hold notice and two subpoenas.

BBB filed its required Schedules of Assets and Liabilities and Statement of Financial Affairs with the bankruptcy court five weeks after its initial petition and later amended those schedules. *In re Bed Bath & Beyond Inc.*, No. 23-13359 (D.N.J. Bankr.) ("Bankruptcy Docket"), ECF No. 568 (amended version at Bankruptcy Docket ECF No. 1327). BBB later filed its Chapter 11 plan, which was amended several times and then confirmed by the bankruptcy court. Bankruptcy Docket ECF No. 2172. BBB emerged from bankruptcy as 20230930-DK-Butterfly-1, Inc. on September 29, 2023. Bankruptcy Docket ECF No. 2311; Compl. ¶ 21 (noting reorganization).

Those schedules and plan **did not disclose the claims asserted here**. The Schedule listed unrelated claims involving Keurig, for example as a co-debtor in a class action lawsuit related to coffee brewer maintenance, and as the recipient of an ordinary-course payment within

[2] The court may take judicial notice of subpoenas because their existence can "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Press v. Primavera*, 685 F. Supp. 3d 216, 224 (S.D.N.Y. 2023) (citing Fed. R. Evid. 201(b)); *see also, e.g.*, *Sequeira v. DHS*, 722 F. Supp. 3d 996, 1011 (N.D. Cal. 2024) (taking judicial notice of existence of subpoena); *Garrett v. Comcast Commc'n, Inc.*, 2004 WL 2624679, at *3 (N.D. Tex. Nov. 17, 2004) (a "subpoena and related papers are a part of the record in [a] case" and therefore subject to judicial notice).

90 days of the bankruptcy filing. *See* Bankruptcy Docket ECF No. 568, Sch. H lines 2.362–63, 2.465–66; *id.* pt. 2, line 3.744. BBB's filings also included thirteen *potential* causes of action against companies other than Keurig;[3] identified categories of non-released claims, including Director and Officer Claims, Avoidance Actions, Other Liability Claims, Shipping and Price Gouging Claims, and Securities Claims;[4] and identified pending antitrust claims in the *Interchange* and *Blue Cross* multi-district litigations.[5] It did not disclose any antitrust or unjust enrichment claim against Keurig.

Then, in 2026—after emerging from bankruptcy without ever disclosing its claims—20230930-DK-Butterfly-1 filed a copycat complaint, asserting the same claims as in the 2014 direct purchaser action. *Compare, e.g.*, Compl. ¶¶ 229–62 (alleging monopolization, exclusive dealing, monopoly leveraging, attempted monopolization, and unjust enrichment), *with* ECF No. 237 ¶¶ 254–99 (same).

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding a motion to dismiss under Rule 12(b)(6), a court may consider material susceptible to judicial notice. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). Judicially noticeable material includes bankruptcy filings, subpoenas, and related litigation. *See, e.g., Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3

---

[3] *See* Bankruptcy Docket ECF No. 568, Schedule A/B pt. 11, lines 74.1–13.

[4] *See* Bankruptcy Docket ECF No. 2160, Art. I.A.99.

[5] *See* Bankruptcy Docket ECF No. 2160, Art. I.A.84 (*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*); Bankruptcy Docket ECF No. 568, pt. 3, line 7.17 (*Bed Bath & Beyond Inc. v. Blue Cross Blue Shield*).

(3d Cir. 1988) ("[T]he district court was entitled to take judicial notice of [the record of the prior bankruptcy proceeding] in rendering its decision . . . ."). Courts routinely take judicial notice of prior bankruptcy proceedings on motions to dismiss to determine whether to apply judicial estoppel. *See, e.g.*, *Isnady v. Village of Walden*, 2019 WL 3252753, at *1–2 (S.D.N.Y. July 19, 2019).

**ARGUMENT**

20230930-DK-Butterfly-1 is judicially estopped from bringing the Complaint because BBB was aware of the claims at issue and failed to disclose them during its 2023 bankruptcy proceedings in New Jersey. A litigant may not switch positions on an issue by moving to a court on the other side of the Hudson River.

Judicial estoppel "protects the essential integrity of the judicial process." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (quoting *Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1166 (4th Cir. 1982)). It "preserve[s] the sanctity of the oath by demanding absolute truth and consistency in all sworn positions" and "protect[s] judicial integrity by avoiding the risk of inconsistent results in two proceedings." *United States v. W. Prods., Ltd.*, 168 F. Supp. 2d 84, 88 (S.D.N.Y. 2001) (quoting *Bates v. Long Island R.R. Co.*, 997 F.2d 1028, 1038 (2d Cir. 1993)); *see also Simon v. Safelite Glass Corp.*, 128 F.3d 68, 71 (2d Cir. 1997).

Judicial estoppel is routinely invoked in the precise scenario at issue here to dismiss claims that were not disclosed in bankruptcy proceedings. *See, e.g.*, *BPP Illinois v. Royal Bank of Scotland*, 859 F.3d 188, 192–94 (2d Cir. 2017); *Azuike v. BNY Mellon*, 962 F. Supp. 2d 591, 598 (S.D.N.Y. 2013) (collecting cases); *Isnady*, 2019 WL 3252753, at *6 (same). As one court in this district summed it up, "courts have invoked judicial estoppel to prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from

bankruptcy." *Rosenshein v. Kleban*, 918 F. Supp. 98, 104 (S.D.N.Y. 1996). The Second Circuit, too, has emphasized this point: "Judicial estoppel will prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy." *BPP Illinois*, 859 F.3d at 192. In *BPP Illinois*, the Second Circuit affirmed the district court's dismissal of BPP's claims because it had not listed a LIBOR-fraud claim against the defendant in its bankruptcy proceeding and therefore could not assert such a claim in the Southern District of New York after the bankruptcy proceeding closed. *See id.* at 192–94. This same approach has been applied strictly in other cases, too, because full disclosure of all assets and liabilities by debtors is essential to the proper functioning of the bankruptcy system. *See, e.g.*, *Azuike*, 962 F. Supp. 2d at 599 (explaining that allowing a plaintiff to pursue a claim that it failed to disclose during bankruptcy proceedings necessarily threatens the finality and accuracy of those proceedings).

When evaluating whether to apply judicial estoppel, the Second Circuit considers whether (1) a party has previously taken an inconsistent position regarding the claim; (2) that position was adopted by a court in some manner; and (3) the party asserting inconsistent positions derives an unfair advantage. *In re Adelphia Recovery Tr.*, 634 F.3d 678, 695–96 (2d Cir. 2011). Courts focus mainly on the first two factors and often skip the third factor where the first two are met. *See Adelphia Recovery Tr. v. Goldman, Sachs & Co.*, 748 F.3d 110, 116 (2d Cir. 2014). Ultimately, the criteria are applied flexibly to protect the integrity of the judicial process. *Id.* at 116–17. Here, each consideration favors estoppel: BBB represented to the bankruptcy court that these claims did not exist, the bankruptcy court adopted that position when confirming the liquidation plan, and allowing this behavior would be unfair, including to BBB's creditors. Estoppel is required and the Complaint should be dismissed with prejudice.

### A. BBB Made Court Filings Inconsistent with the Claims Asserted Here

"After commencing a bankruptcy case, the debtor must disclose his assets to the bankruptcy court to facilitate the creation of an accurate bankruptcy estate." *Keathley v. Buddy Ayers Constr., Inc.*, No. 25-6, slip op. at 1 (U.S. June 11, 2026). In particular, under Section 521 of the Bankruptcy Code, the debtor must file a statement of financial affairs and schedule of assets and liabilities, which must include "*any* claims the debtor has against third parties, regardless of whether those claims have already been filed as part of an active lawsuit." *Id.* (emphasis added); *see also* 11 U.S.C. § 521(a)(1)(B); *Rosenshein*, 918 F. Supp. at 102 (schedule must list "*all* causes of action that can be brought by the debtor" (emphasis added)). BBB had sophisticated bankruptcy counsel and filed a detailed schedule of actual and potential claims.[6] For example, the plan and schedule listed antitrust claims in the *Interchange* and *Blue Cross* multi-district litigations.[7] Yet, even after amending its schedules, BBB did not disclose any claims against Keurig.

In evaluating whether a plaintiff took an inconsistent position in a prior bankruptcy proceeding, the Second Circuit applies the law of the circuit in which the bankruptcy proceeding occurred, *see BPP Illinois*, 859 F.3d at 192, here the Third Circuit. Courts in the Third Circuit hold that a debtor's failure to disclose a prospective claim is an inconsistent position supporting estoppel where the debtor had knowledge when the bankruptcy filing was made. *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 321 (3d Cir. 2003); *see also Edwards v. CGI Grp. Inc.*, 2018 WL 4043142, at *6 (S.D.N.Y. Aug. 10, 2018) (finding

[6] *See* Bankruptcy Docket ECF No. 568, pt. 2, line 3.744.

[7] *See* Bankruptcy Docket ECF No. 2160, Art. I.A.84 (*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*); Bankruptcy Docket ECF No. 568, pt. 3, line 7.17 (*Bed Bath & Beyond Inc. v. Blue Cross Blue Shield*).

failure to disclose legal claims during bankruptcy proceedings warranted estoppel based on analysis of Third Circuit law). Further, the Third Circuit interprets knowledge of claims broadly, to include all claims as to which "the events underlying the claim have occurred prior to the filing of the bankruptcy petition." *Yetter v. Wise Power Sys., Inc.*, 929 F. Supp. 2d 329, 331 (D. Del. 2013); *see also Krystal Cadillac*, 337 F.3d at 322.

The test is easily satisfied here: the Complaint explicitly challenges conduct that predates April 2023, when BBB filed for bankruptcy. *See, e.g.*, Compl. ¶ 13. Indeed, BBB's knowledge of the claim goes far beyond what the Third Circuit requires to satisfy this element of the estoppel test. The claims at issue not only existed, they appeared publicly in the 2014 MDL case filings.[8] Further, BBB was *identified by name* as a purported class member in the 2014 purchaser complaint. *See* ECF No. 237 ¶ 95. In 2015, Keurig sent BBB a document preservation notice and, in 2016, JBR served a subpoena on BBB in connection with this litigation. *See* ECF Nos. 220, 222; Ex. 1. In 2019, Keurig served a similar subpoena on BBB in this litigation. *See* Ex. 2. And, in July 2021, BBB was again identified as a member of the purported class in Keurig's opposition to class certification. *See* ECF No. 1419 at 3.

Though not necessary to find that BBB took inconsistent positions, there is also motive to conceal here. If BBB had a valuable claim against Keurig at the time of its bankruptcy proceedings—as the Complaint alleges—then that claim should have been identified so that it could have been sold to raise money for BBB's creditors as part of the bankruptcy process and so BBB's creditors could have properly considered the claim when voting on the plan. That is not

---

[8] A court may take judicial notice of prior lawsuits to determine whether a party had notice of claims. *Staehr v. Hartford Fin. Servs. Grp.*, 547 F.3d 406, 425 (2d Cir. 2008) (taking judicial notice of press coverage and prior lawsuits to determine whether inquiry notice had been triggered).

what happened here, where BBB failed to satisfy its obligations of disclosure. The Third Circuit presumes a motive to conceal based on a failure to disclose *even without the debtor actually attempting to reap the benefit of asserting the claim for its own benefit*. *See, e.g.*, *Yetter*, 929 F. Supp. 2d. at 331 ("There is a presumption of bad faith when the party does not disclose in a bankruptcy proceeding a potential claim of which the party had knowledge.").

**B. The Bankruptcy Court Relied on BBB's Representations to Confirm the Reorganization Plan**

The second element of judicial estoppel requires that "the party's former position has been adopted in some way by the court in the earlier proceeding." *In re Adelphia*, 634 F.3d at 695–96. That test is satisfied in a bankruptcy proceeding where the bankruptcy court confirms a debtor's plan. *See BPP Illinois*, 859 F.3d at 194 (reliance element is typically satisfied where "the bankruptcy court confirms a plan pursuant to which creditors release their claims against the debtor"). Here, this element is satisfied based on the Bankruptcy Court's September 14, 2023 decision confirming BBB's Plan.

**C. BBB's Pursuit of These Claims Would Result in an Unfair Advantage**

This Court need not evaluate the third element at all: courts often view this "unfairness" factor as superfluous where, as here, the other two elements are present. *See BPP Illinois*, 859 F.3d at 194; *Goldman, Sachs*, 748 F.3d at 116; *see also BPP Illinois, LLC v. Royal Bank of Scotland*, 2015 WL 6143702, at *9 (S.D.N.Y. Oct. 29, 2015) (in Judge Furman's decision affirmed by Second Circuit, dismissing based on judicial estoppel based on first two elements and without mentioning the third element). The unfairness element is, however, also satisfied in its own right: when a debtor omits legal claims from its bankruptcy filings, the lack of fairness to former creditors is obvious. The reorganized debtor's "assertion of the claims now would allow it to enjoy an unfair advantage at the expense of its former creditors," who were unaware of the

claims during the bankruptcy proceeding. *BPP Illinois*, 859 F.3d at 194; *see also Rosenshein*, 918 F. Supp. at 104–05 (explaining how failure to disclose harms creditors and the bankruptcy court). Given the failure to disclose by a debtor represented by sophisticated counsel, all relevant equitable considerations favor judicial estoppel.

* * *

"The integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets." *Azuike*, 962 F. Supp. 2d at 599. "[C]reditors, who plan their actions in the bankruptcy proceeding on the basis of information supplied in the disclosure statements, and the bankruptcy court, which must decide whether to approve the plan of reorganization on the same basis" both depend on full and honest disclosures by debtors. *Rosenshein*, 918 F. Supp. at 104. Courts routinely apply judicial estoppel to protect these interests. *Id.* (collecting cases). Here, BBB had knowledge of the claims in the Complaint yet did not disclose them during the bankruptcy proceedings. It is judicially estopped from pursuing the undisclosed claims now.

## CONCLUSION

For the foregoing reasons, Keurig respectfully requests that the Court dismiss all of the claims in the Complaint with prejudice.

Dated: June 11, 2026

*/s/ Leah Brannon*

CLEARY GOTTLIEB STEEN & HAMILTON LLP
**Leah Brannon**
**Carl Lawrence Malm**
**Alan B. Freedman**
lbrannon@cgsh.com
lmalm@cgsh.com
afreedman@cgsh.com
2112 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 974-1508

**Luke A. Barefoot**
lbarefoot@cgsh.com
One Liberty Plaza
New York, NY 10006
(212) 225-2829

BUCHANAN INGERSOLL & ROONEY PC
**Wendelynne J. Newton**
**Mackenzie A. Baird**
wendelynne.newton@bipc.com
mackenzie.baird@bipc.com
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
(412) 562-8932

*Attorneys for Defendant Keurig Green Mountain, Inc.*

**Local Rule 7.1(c) Certificate of Compliance**

The undersigned, counsel of record for Keurig Green Mountain, Inc., certifies that this brief contains 2,803 words, which complies with the word limit of Local Rule 7.1.

Dated: June 11, 2026

*/s/ Leah Brannon*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
**Leah Brannon**
lbrannon@cgsh.com
2112 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 974-1508

*Attorney for Defendant Keurig Green Mountain, Inc.*